not here be convicted because it is based on the same act and transaction.

In the instant case the evidence of the unlawful transportation of whiskey under Count No. 1, on or about May 1, 1953, was the same as on the former trial.

The evidence under Count No. 2 on the former trial of this case was as stated in our former opinion. Donahoo v. State, supra.

There were two separate criminal acts and transactions and he was tried again for the offense of which he had been convicted, but which conviction was reversed and remanded.

In our former opinion we held that the testimony as to the whiskey at the Cotton Club should have been limited, as requested by appellant, to the possession count because it was in no way connected with the act of transporting the whiskey found in the automobile which appellant had been seen to drive to the Hi-Hat Club.

It appears that if appellant's plea of former acquittal is valid at this time, then the acquittal under Count No. 2 would have vitiated the conviction for transporting whiskey at the first trial. The opinion reveals that the reversal of the conviction for transporting was not predicated upon that theory.

█ The plea of former acquittal is available only where the transaction is the same and the accusatory pleadings in the two prosecutions are susceptible of, and must be sustained by, the same proof. These two elements must combine and both are indispensible to the sufficiency of the plea. 12 Tex.Jur. 557, Sec. 239; 25 Tex. Jur. 93, Sec. 20; Branch's Ann.P.C., p. 321, Sec. 632; Simco v. State, 9 Tex.App. 338, 348; Wright v. State, 17 Tex.App. 152, 158.

█ We conclude that the trial court was warranted in overruling the plea of former acquittal, and that he did not err in refusing to submit the same to the jury.

The judgment of the trial court is affirmed.

Opinion approved by the Court.

Calvin TATE, Appellant,

v.

The STATE of Texas, Appellee.

No. 27523.

Court of Criminal Appeals of Texas.

April 27, 1955.

No attorney on appeal for appellant.

Leon Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

Upon a jury trial, appellant was found guilty of fondling a child's sexual part and was assessed a term of 10 years in the penitentiary.

The record contains no statement of facts and no bills of exception.

The trial court, in pronouncing sentence, failed to apply the indeterminate sentence

law. The sentence is reformed so as to provide for appellant's confinement in the penitentiary for a term of not less than one day nor more than ten years.

As reformed, the judgment is affirmed.